## ORDER OF RAILWAY CONDUCTORS OF AMERICA
### *v.* SOUTHERN RAILWAY CO.

No. 438.  Argued February 8–9, 1950.—Decided April 10, 1950.

*V. C. Shuttleworth* argued the cause for petitioner. With him on the brief were *Harry E. Wilmarth* and *Frederick H. Horlbeck.*

*W. S. Macgill* argued the cause for respondent.  With him on the brief were *Nath B. Barnwell, Frank G. Tompkins, Henry L. Walker* and *Sidney S. Alderman.*

MR. JUSTICE BLACK delivered the opinion of the Court.

This case raises the same statutory question as *Slocum v. Delaware, L. & W. R. Co., ante,* p. 239.  The petitioner, Order of Railway Conductors, is the only accredited bargaining representative of conductors employed by the re-

spondent Southern Railway. A dispute arose between certain conductors and the railroad concerning the railroad's obligation under the collective-bargaining agreement to give conductors extra pay for certain services. The claims of the conductors were referred to the union, which sought by negotiation to persuade the railroad to pay. The railroad refused, and thereafter prayed a South Carolina state court for a declaratory judgment interpreting the agreement as not requiring the claimed payments. The trial court first refused to exercise jurisdiction. Citing *Order of Conductors* v. *Pitney*, 326 U. S. 561, it held that state courts, like federal courts, should leave settlement of such disputes to the National Railroad Adjustment Board. The State Supreme Court reversed, holding that the state court did have power to interpret the bargaining agreement and adjudicate the dispute. 210 S. C. 121, 41 S. E. 2d 774. After a lengthy trial the lower court held that the collective agreement did not require the compensation sought by the conductors and entered the declaratory judgment requested. The Supreme Court affirmed. 215 S. C. 280, 54 S. E. 2d 816.

For reasons set out in the *Slocum* case, *ante,* p. 239, we hold that the South Carolina state court was without power to interpret the terms of this agreement and adjudicate the dispute. We discuss this case separately because it sharply points up the conflicts that could arise from state court intervention in railroad-union disputes. After the railroad had sued in the state court, the union filed a petition for hearing and award before the Adjustment Board. The state court nevertheless proceeded to adjudicate the dispute. Sustaining the state court's action would invite races of diligence whenever a carrier or union preferred one forum to the other. And if a carrier or a union could choose a court instead of the Board, the other party would be deprived of the privilege conferred by § 3 First (i) of the Railway Labor Act, 48

Stat. 1191, 45 U. S. C. § 153 First (i), which provides that after negotiations have failed "either party" may refer the dispute to the appropriate division of the Adjustment Board.

The judgment of the South Carolina Supreme Court is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE REED is of the view that the decision below should be affirmed for the reasons set out in his dissent in *Slocum* v. *Delaware, L. & W. R. Co., ante,* p. 245.

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.