## BROTHERHOOD OF RAILROAD TRAINMEN et al. v. TEXAS & P. RY. CO. et al.

### No. 6491.

Court of Civil Appeals of Texas.
Texarkana.

June 1, 1950.

Rehearing Denied June 22, 1950.

Kennedy, Levee & Lee, Texarkana, for appellants.

452

Robertson, Jackson, Payne, Lancaster & Walker, Dallas, Atchley & Vance, Texarkana, for appellees.

HALL, Chief Justice.

The appellees, The Texas & Pacific Railway company and Guy A. Thompson, Trustee of the Missouri Pacific Railway Company, instituted this suit against the appellants, officers of the Brotherhood of Railroad Trainmen and the members of said Trainmen's Union employed by appellees in the Texarkana Yard, in the district court of Bowie County for a declaratory judgment with respect to a certain working agreement between appellees and appellants employed in said railroad yard. The district court took jurisdiction of the case and construed certain portions of the contract adversely to appellants, and held that Section 3 of the memorandum of agreement dated June 30, 1933, between appellants and appellees was in full force and effect, and that the appellants were not entitled to extra compensation for certain labor performed by them for appellees. Appellants by their pleadings vigorously attacked the jurisdiction of the district court to hear and determine the issues involved, the contention being that any controversy arising with respect to the terms of the working agreement between appellants and appellees was within the exclusive jurisdiction of the National Railroad Adjustment Board, hereinafter referred to as NRAB.

Point two advanced by appellants is: "Since the matter in dispute involved train and yard-service employees of carriers within the provision of the Railway Labor Act [45 U.S.C.A. § 151 et seq.] and since the NRAB has exclusive jurisdiction of this type of controversy the court erred in overruling defendants' (appellants') plea to its jurisdiction."

This point presents the controlling question here. There is no dispute in the facts. They are stipulated in the court below. The controversy between the parties arises with respect to the construction of a working agreement between them in the Texarkana railroad yard. The appellants, employees of the two appellees in the railroad yard at Texarkana, are making claim for extra compensation which they assert is due them under the terms of their working agreement with the railroads. To determine this issue it was necessary for the district court to interpret the contract agreements between appellants and the railroads. It is the contention of appellees that the NRAB and the District Court of Bowie County have concurrent jurisdiction to determine this controversy and they rely strongly upon the case of Moore v. Illinois Central R. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. We think the question is finally and absolutely controlled by two recent decisions by the United States Supreme Court, delivered since this appeal was perfected, namely: Slocum v. Delaware, Lackawanna & Western Railroad Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. —, and Order of Railway Conductors of America v. Southern Railway Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. —. In these two cases the United States Supreme Court had before it the same question presented here and it was held in each of them that the jurisdiction of the Board (NRAB) to adjust grievances and disputes of the type here involved is exclusive. The above holding, in our opinion, effectively bars a district court, either federal or state, to hear a disptue arising under a labor agreement, as involved here, between a carrier and its employees. Such dispute is exclusively within the jurisdiction of the Board. The above holding by the United States Supreme Court compels the conclusion that the trial court erred in assuming jurisdiction of this cause and appellants' plea to the district court's jurisdiction should have been sustained.

We wish to compliment the attorneys on both sides of this controversy for the able briefs which they have presented to us. These briefs show an enormous amount of research and in our opinion present every authority bearing upon the case, except the two cited last above which were not available at the time the briefs were prepared and filed.

Judgment of the trial court is reversed and the cause is ordered dismissed.