**KENDALL v. PENNSYLVANIA R. CO.**
Civ. No. 26555.

United States District Court
N. D. Ohio, E. D.

Aug. 7, 1950.

Railway Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318, require a ruling that this Court is without jurisdiction to order defendant to reinstate plaintiff with back pay and seniority rights until the plaintiff has followed ordinary channels of grievance procedure and has submitted his claim to the Adjustment Board for a ruling by that agency.

■ However, Moore v. Illinois Cent. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85. L.Ed. 1089, and Slocum v. Delaware, L. & W. R. R. Co., supra, provide that this Court has jurisdiction of actions for damages for breach of a collective bargaining agreement where plaintiff is wrongfully discharged.

■ Since plaintiff asks for both types of relief, it is evident that this Court does not have jurisdiction over part of the subject matter of the complaint. Therefore, that part of the action which asks for reinstatement, back pay and restoration of seniority rights will be dismissed, and plaintiff may amend his complaint to state his cause of action for damages only.

Joseph E. Pilmer, Michael S. Cerrezin, Cleveland, Ohio, for plaintiff.

George H. P. Lacey, James C. Davis and Squire, Sanders & Dempsey, all of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for breach of a labor contract, and plaintiff prays this Court to find that he was unlawfully discharged, that his seniority runs from May 17, 1947, and that this Court order defendant to rehire plaintiff and pay him any damages he may have suffered because of defendant's conduct. Plaintiff did not follow the grievance procedure outlined in the labor contract entered into between his union and defendant and he did not take his complaint to the National Adjustment Board. Defendant claims that the Adjustment Board has exclusive jurisdiction and it moves to dismiss the action for want of jurisdiction over the subject matter.

■ Three recent cases decided by the Supreme Court, Slocum v. Delaware, L. & W. R. R. Co., 339 U.S. 239, 70 S.Ct. 577; Order of Railway Conductors v. Southern Rwy., 339 U.S. 255, 70 S.Ct. 585; Order of