## VAN ZANDT v. RAILWAY EXP. AGENCY, Inc.

United States District Court
S. D. New York.
Nov. 27, 1950.

Louis Norris, New York City, for plaintiff.

James V. Lione, New York City, for defendant.

RYAN, District Judge.

Defendant moves to dismiss the second cause of action pleaded in the amended complaint on the ground that the court lacks jurisdiction over the claim therein alleged.

In this cause of action plaintiff seeks to recover for his discharge on June 20, 1947, which, he alleges, was in violation of the terms of an agreement made by defendant with the International Brotherhood of Blacksmiths, Drop Forgers and Helpers, the benefits of which plaintiff claims because of the nature of the work he performed. This agreement was also violated with respect to him, plaintiff alleges, in that defendant failed to place him under his proper job classification, to pay him his proper rate of pay and to allow him holidays, vacations, overtime earnings and various other monetary benefits.

Plaintiff does not distinguish between the relief he desires on the second cause of action, which alone is challenged here, as against the relief he seeks on the first cause of action, but, as to both claims, prays judgment awarding him monetary damages for wrongful discharge, reinstatement to his position and proper seniority status, back pay and recovery for loss and underpayment of wages. It will result in no injustice to plaintiff to assume that he requests the various types of relief set forth herein, solely on the basis of the allegations advanced in his second cause of action, and independently of his rights under the first cause of action.

Defendant urges that the National Railroad Adjustment Board has exclusive, primary jurisdiction of the matters set forth in the second cause of action, and that this court is without jurisdiction to entertain such a claim. The jurisdiction retained by the federal courts over disputes within the purview of the Railway Labor Act, 45 U.S.C.A. 153, has been the subject of recent consideration by the Supreme Court. Slocum v. Delaware, L. & W. R.R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Ry. Conductors v. Pitney, 1946, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318; Order of R. Conductors v. So. R. Co., 1950, 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811. Its attitude towards the precise issue before this court was clearly indicated in the Slocum case, where the Court wrote, 339 U.S. at page 244, 70 S. Ct. at page 580, 94 L.Ed. 795: "Our holding here is not inconsistent with our holding in Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. Moore was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking rein-

522

statement and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases. A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide, and does not involve questions of future relations between the railroad and its other employees. If a court in handling such a case must consider some provision of a collective-bargaining agreement, its interpretation would of course have no binding effect on future interpretations by the Board."

 As we understand this language, this court is without jurisdiction to furnish any relief which the Board is empowered to provide. To the extent that under the second cause of action, the plaintiff prays for relief other than damages for wrongful discharge, the court lacks jurisdiction. The motion to dismiss the second cause of action is granted, with leave to plaintiff to amend that cause of action to pray for damages only.