## Fuhrman et al. v. Pennsylvania Railroad Company

*Richter, Lord & Farage*, for plaintiffs.
*Owen B. Rhoads*, for defendant.

SMITH, P. J., April 17, 1952.—This case comes before the court on defendant's petition to set aside plaintiffs' bill of complaint in equity on the ground of lack of jurisdiction of the court over the subject matter.

The bill complains that Violet P. Roush, Mary F. Quigley, and Dorothy Carpenter Kennedy, formerly women employes of the Pennsylvania Railroad, employed under agreement of October 30, 1942, between the Pennsylvania Railroad and the Brotherhood of Railroad Shop Crafts of America, Pennsylvania System, were discharged by the Pennsylvania Railroad on or about February 15, 1946. That the agreement provides in Regulation 3-D-2 that in the event defendant should reduce its force of employes, seniority shall determine the order of reduction, that is, employes having the shortest periods of service shall be laid off

first, and provides in Regulation 3-D-7 that in the restoration of forces of employes who have been laid off in reduction of force, seniority shall govern the order of return to work, that is, employes having the longest periods of service shall be rehired first; that at the time of the discharge of plaintiffs there were other employes in the same classification with less seniority who had not been discharged and that in the reëmployment of those in the same classification who had been discharged, those who had less seniority than plaintiffs had been reëmployed. Plaintiffs demanded reinstatement and compensation for lost salary.

The prayers of plaintiffs' bill ask:

That defendant be restrained from continuing to withhold from plaintiffs the positions from which they had been wrongfully discharged in violation of the agreement of October 30, 1942, and that plaintiffs be awarded money judgments in the amount of the pay or salary of which they were deprived from the time of their discharge on or about February 15, 1946, until the present time. The agreement of employment, attached to the bill provides:

"1. (a) Females who are or who have been since May 27, 1941 taken into the service of the Pennsylvania Railroad Company during the present National Emergency and for a reasonable period thereafter for employment in positions coming within the purview of the aforesaid Schedule of Regulations will be considered as temporary employes.

"(b) Females employed under the provisions of the preceding paragraph hereof shall acquire and may exercise seniority in accordance with the applicable provisions of the aforesaid Schedule of Regulations but shall only retain such seniority during the period of the present National Emergency. During such period the names of such employes shall appear on the appropriate seniority roster and shall be designated

with an (*) indicating they are females and temporary employes."

The petition of defendant asks that the bill in equity be dismissed and to set aside the service thereof for want of jurisdiction of this court over the subject matter. The reasons advanced are that the National Railroad Adjustment Board has exclusive jurisdiction to adjust controversies of the type involved in this suit and that plaintiff has not obtained a ruling of the National Railroad Adjustment Board with respect to their grievances, but on the contrary on February 12, 1950 (two days before filing the bill in equity) they gave notice to defendant of the submission of their grievances to the board. · Plaintiffs have answered the petition of defendant in which they deny that the National Railroad Adjustment Board has exclusive jurisdiction over the subject matter of this bill.

It would thus appear that plaintiffs claim that their employment with defendant company persists and that they are entitled to compensation during the period of their discharge and reinstatement to their positions. This is not just a claim in damages for back pay for breach of contract as appears in the case of Moore v. Illinois Central R. Co., 312 U. S. 630, 635. Here plaintiffs' cause of action is based upon a collective bargaining agreement and their rights must be determined by an application of the bargaining agreement. Section 3, first (i) of the Railway Labor Act of June 21, 1934, 48 Stat. at L. 1189, 45 U. S. C. §153 first (i) provides:

"(i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the

carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."

Where an employe alleges that his or her employment persists, the paragraph above precludes the assumption of jurisdiction by a Federal or State court. In Slocum et al. v. Delaware, Lackawanna & Western Railroad Co., 339 U. S. 239, 243, 70 S. Ct. 577, the State court entertained jurisdiction over a dispute arising under a collective bargaining agreement. Mr. Justice Black held:

"The paramount importance of having these chosen representatives of railroads and unions adjust grievances and disputes was emphasized by our opinion in Order of Conductors v. Pitney, supra. There we held, in a case remarkably similar to the one before us now, that the Federal District Court in its equitable discretion should have refused 'to adjudicate a jurisdictional dispute involving the railroad and two employee accredited bargaining agents. . . . ' Our ground for this holding was that the court 'should not have interpreted the contracts' but should have left this question for determination by the Adjustment Board, a congressionally designated agency peculiarly competent in this field. 326 U. S. at 567-568. This reasoning equally supports a denial of power in any court—state as well as federal—to invade the jurisdiction conferred on the Adjustment Board by the Railway Labor Act."

The court explained that its ruling was not inconsistent with its holding in the case of Moore v. Illinois Central Railroad Co., 312 U. S. 630, supra. The court held:

"Our holding here is not inconsistent with our holding in Moore v. Illinois Central R. Co., 312 U. S. 630.

Moore was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking reinstatement and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases. A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide, and does not involve questions of future relations between the railroad and its other employees. If a court in handling such a case must consider some provision of a collective-bargaining agreement, its interpretation would of course have no binding effect on future interpretations by the Board."

In the case of Order of Railway Conductors of America v. Southern Railway Co., 339 U. S. 255, 256, Mr. Justice Black again held that a State court was without power to invade the jurisdiction conferred upon the adjustment board and could not adjudicate the dispute. The duty is upon plaintiffs to exhaust their administrative remedies under the Railway Labor Act. Proceedings under this act have been adjudicated in several opinions by the Court of Common Pleas of Philadelphia County to the same effect. See Berk v. Reading Co., 74 D. & C. 142; Strauser v. Reading Co., C. P. No. 4, March term, 1949, no. 2765; Earley v. Pennsylvania Railroad Co., C. P. No. 2, September term, 1948, no. 2865.

We are of the opinion that the bill of plaintiff must be dismissed. Furthermore, we are of the opinion that plaintiff's bill cannot be amended to state another cause of action. While Equity Rule 56 grants a liberal right to amend, the court cannot permit an amendment which brings into being another cause of action. Gosten, admr., v. Edmunds, 325 Pa. 154, 159, 161.

518

## Order

And now, to wit, April 17, 1952, the petition of defendant to dismiss the bill of plaintiffs is granted, and the service of the bill upon defendant is set aside and the action is terminated of record.