16703

ISGETT v. ATLANTIC COAST LINE R. CO.

(74 S. E. (2d) 220)

Messrs. *Willcox, Hardee, Houck & Palmer,* of Florence, *for Appellant,*

Messrs. *McEachin, Townsend & Zeigler,* of Florence, *for Respondent,*

January 14, 1953.

STUKES, Justice.

Respondent was employed as a car repairer helper by appellant in its yards in Florence. He was released or furloughed in the reduction of employees on March 18, 1949, and was hired again in the same classification on Oct. 11, 1950, but as a new employee without seniority, and is still

so employed. The employment was subject to the terms of a collective bargaining agreement between his union and the appellant company. Section (d) of rule 16 of the agreement follows:

"(d) In the restoration of forces, senior laid off men will be given preference in returning to the service, if available, within a reasonable time, and shall be returned to their former positions, if possible. Employees desiring to avail themselves of the privileges of this rule must file their addresses with their employing officer at the time force is reduced, and renew same at each change of address and in the month of December of each year. Failure to comply with this rule, or failure to return to the service within ten days, after being notified by mail or telegram sent to the last address given, or give satisfactory reason for not doing so, will eliminate such employees from the service."

The action was for restoration of seniority and for damages in the amount of the difference between respondent's earnings in other employment and the amount he would have earned had he been called back to work by appellant at the time his immediate junior in seniority was called and at the rate of earnings of the latter, which included for part of the time a promotion and resulting wage increase.

Appellant moved to dismiss the complaint upon the ground that the court was without jurisdiction because respondent had not exhausted his administrative remedy under the federal Railway Labor Act, 45 U. S. C. A. § 151 *et seq.* Section 153 (i) provides as follows:

"The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party

to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."

Upon consideration of the relevant federal decisions, the trial court assumed jurisdiction and heard the case, but concluded upon the evidence that there was no factual issue for the jury and awarded judgment for respondent in the sum of $1,617.83, by an elaborate order dated January 28, 1952.

Respondent admitted that he did not comply with the apparent requirement of rule 16 of the agreement, quoted above, that he file his address with the employing officer of appellant in the month of December during the period of his lay-off; but he contended that the provision is ambiguous, was waived and that his deprivation of seniority was a disciplinary action of which he had no notice and, of course, was not afforded a hearing under rule 21 of the agreement, which follows:

"No employee shall be disciplined without a fair hearing by a designated officer of the Company. Suspension in proper cases pending a hearing, which shall be prompt, shall not be deemed a violation of this rule. At a reasonable time prior to the hearing such employee and the local chairman will be apprised in writing of the precise charge against him. The employee shall have reasonable opportunity to secure the presence of necessary witnesses and be represented by the duly authorized representative of System Federation No. 42. When the cases are being investigated, the evidence will be written up with sufficient copies to give those concerned. If it is found that an employee has been unjustly suspended or dismissed from the service, such employee shall be reinstated with his seniority rights unimpaired and compensated for the wage lost, if any, resulting from said suspension or dismissal."

The trial record is clear that at least several other employees are adversely affected in their seniority by the judgment under appeal because the practical effect of it, besides

the award of damages against appellant, is to advance respondent in seniority above these other employees. Two of them petitioned upon this ground to intervene in the action, but such was refused. And respondent's whole case revolves around the interpretation and application of the collective bargaining agreement.

The trial court, without regard to its subsequent history, relied upon our case of *Southern Railway Company v. Order of Railway Conductors of America,* 210 S. C. 121, 41 S. E. (2d) 744; but the later decision of it on the merits, reported in 215 S. C. 280, 54 S. E. (2d) 817, was reversed in *Order of Railway Conductors of America v. Southern Railway Company,* 339 U. S. 255, 70 S. Ct. 585, 94 L. Ed. 811, by which we are, of course bound, irrespective of our former view. The Supreme Court held under the authority of *Slocum v. Delaware L. & W. R. Co.,* 339 U. S. 239, 70 S. Ct. 577, 94 L. Ed. 795 (reversing the New York Court of Appeals), which was filed at the same time, that our State Court was without jurisdiction because without power to interpret the terms of the bargaining agreement and adjudicate the dispute thereabout. *Moore v. Illinois Central R. Co.,* 312 U. S. 630, 61 S. Ct. 754, 85 L. Ed. 1089, upon which we had relied, was distinguished upon reasoning which is inapplicable to the facts of the case in hand and it is therefore not similarly distinguishable.

The only possible distinction between the presently controlling decisions (Slocum and Southern Railway) and this, is advanced in the contention of respondent that his dispute involves only him, which is untenable because the alteration of his seniority affects the other employees whom he would jump perforce the judgment under review or, at least, his damages are dependent on the effect of such a "jump." This consideration brings the instant case under the rule of the late Supreme Court decisions which have been cited and which we must follow. Moreover, the federal statute refers to, quoting, "disputes between an employee or group of employees and a carrier or carriers", etc. Sec. 3, First (i), Rail-

way Labor Act, 45 U. S. C. A. § 153. The distinction between the *Moore* and *Slocum cases* is the nature of the controversies, not the number of employees concerned. Moore's action was for damages for wrongful discharge; the instant respondent's Isgett's, is for restoration of seniority (he is still an employee) and adjustment of earnings for the time on furlough when he would have been employed if his claimed seniority had been observed and he earlier recalled to employment, and promoted as was his junior in seniority.

Respondent's counsel undertook in the course of the trial to abandon the claim for restoration of seniority and thereby convert the action into one solely for damages for wrongful discharge, as was the *Moore case;* but there was no discharge, wrongful or otherwise. And the judgment did not expressly restore seniority; however, it is implicit in the order and the money award of it is dependent on respondent's disputed seniority. This, respondent concedes in the brief, as follows: "Of course, in any suit it would be necessary to determine that the respondent was wrongfully deprived of his seniority before he could be awarded damages, that is the basis upon which the damages are awarded, but all of the cases say that this does not deprive the court of jurisdiction." With the last clause of the quotation we are constrained to disagree under the controlling authority, *supra.*

The latter has been followed in subsequent decisions, federal and state, to some of which reference will be made. In *Missouri-K. T. R. Co. v. Brotherhood of Ry. & S. S. Clerks,* 7 Cir., 1951, 188 F. (2d) 302, 305, it was said: "There is no question now but that the courts have absolutely no jurisdiction to interpret agreements between carriers and their employees or to settle disputes arising out of the construction of such agreements. That principle has been so firmly established by a series of decisions construing § 3 of the Railway Labor Act that we deem it unnecessary even to cite authorities." And in *Kendall v. Pennsylvania R. Co.,* D. C., 1950, 94 F. Supp. 875, 876: "Three recent cases decided

by the Supreme Court  *  *  *  require a ruling that this Court is without jurisdiction to order defendant to reinstate plaintiff with back pay and seniority rights until the plaintiff has followed ordinary channels of grievance procedure and has submitted his claim to the Adjustment Board for a ruling by that agency." See also, *New Orleans Public Belt R. Commission v. Ward,* 5 Cir., 1950, 182 F. (2d) 654, and *Brotherhood of Firemen, etc. v. Central of Ga. Ry. Co.,* 5 Cir., 1952, 199 F. (2d) 384. Cf. *Condol v. Baltimore & O. R. Co.,* D. C. Cir., 1952, 199 F. (2d) 400.

In *Piscitelli v. Pennsylvania-Reading Seashore Lines,* 1950, 8 N. J. Super. 557, 73 A. (2d) 751, 752, plaintiff sued to compel the defendant-employer to reinstate him to his former position and restore the seniority to which he alleged he was entitled under a collective bargaining agreement between the employer and his union. Plea to the jurisdiction was entered, as here, and sustained. The *Moore case* was considered and reviewed, but the court said and held as follows: "More recently, however, (April 10, 1950) the same court construed the Railway Labor Act as conferring exclusive jurisdiction upon the National Railway Adjustment Board in all disputes between carriers and their employees growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, working conditions, etc. *Slocum v. Delaware, Lackawanna & Western R. R. Co.,* 339 U. S. 239, 70 S. Ct. 577, 94 L. Ed. 795 and *Order of Railway Conductors of America v. Southern Railway Company,* 339 U. S. 255, 70 S. Ct. 585, 94 L. Ed. 811. The opinion in the *Slocum case* distinguishes between a suit in which the employee accepts his discharge as final and seeks damages for breach of contract as in the *Moore case* and, as in the *Slocum case,* a suit in which the employee refuses to recognize the discharge as valid and seeks reinstatement. In the former situation the employee may pursue his common law remedies in the state courts; but where the suit seeks as in this instance to maintain the employee's status in the employ of a party to a collective bar-

gaining agreement made pursuant to the Railway Labor Act, the employee's grievance must be presented to the agency provided by the act."

Similarly in *Davis v. Southern Ry. Co.*, 1951, 256 Ala. 202, 54 So. (2d) 308, 310, plaintiff was a clerk with seniority rights of which he claimed illegal deprivation. Because he was still employed (as the present respondent is) it was held that the court was without jurisdiction, citing the *Slocum case,* and it was said: "The case at bar clearly falls within the rule established in the *Slocum* and *Southern Ry. Co. cases, supra.* The appellant in this case while seeking damages only is still in the employment of the railroad and before damages can be awarded to him the existing bargaining agreement governing the class to which appellant belongs must be interpreted." The case appears to be on all-fours with this.

Decisions of other state courts which are to the same effect are: *Brotherhood of R. R. Trainmen v. Texas & P. Ry. Co.,* Tex. Civ. App., 1950, 231 S. W. (2d) 451, and *Roberts v. Western Pac. R. Co.,* 1951, 104 Cal. App. (2d) 816, 232 P. (2d) 560.

It is of interest that some courts had earlier denied jurisdiction of actions similar to this without reliance upon the Railway Labor Act, holding that a plaintiff must have exhausted the remedies provided by the agreement under which he was employed before seeking judicial relief. *Harrison v. Pullman Co·,* 8 Cir., 1934, 68 F. (2d) 826. *Cousins v. Pullman Co.,* 1934, Tex. Civ. App., 72 S. W. (2d) 356. *Tharp v. Louisville & N. Railroad Co.,* 307 Ky. 322, 210 S. W.· (2d) 954, referred additionally to the Railway Labor Act as affording appropriate remedy to the plaintiff there, whose facts were quite similar to Isgett's except his layoff period was much longer.

Sound congressional reason for the rule here applied, as stated in the opinions in the *Slocum* and *Southern Railway cases,* is the goal of uniformity in the interpretation of col-

lective bargaining agreements between the carriers and their employees, which should result from exclusive primary jurisdiction of the Adjustment Board created by the Railway Labor Act, and the consequent avoidance of unnecessary causes of friction in labor relations. This is illustrated by the case at bar. If the court should undertake to now decide the controversy, it would not bind the Board, to which the next similar controversy might be taken. It would seem that the presently firmly established rule of exclusive primary jurisdiction of the Board in such cases should be beneficial, in the long run, to both carriers and employees, and to the public. At any rate, it is the law which we must follow.

The trial court here should, therefore, have sustained the plea to the jurisdiction and dismissed the action, without prejudice to the right of respondent to pursue his claim in conformity with the provisions of the federal Railway Labor Act. It is unnecessary to pass upon the other points of the appeal.

Judgment reversed.

BAKER, C. J., TAYLOR and OXNER, JJ., and JAMES B. PRUITT, Acting Associate Justice, concur.