**J. D. CONLEY et al.**

v.

**Pat J. GIBSON et al.**

**Civ. A. No. 8443.**

United States District Court
S. D. Texas, Houston Division.
March 16, 1955.

Dent, Ford, King & Wickliff (Roberson King), Houston, Tex., for plaintiffs.

Fulbright, Crooker, Freeman, Bates & Jaworski (Chester M. Fulton), Houston, Tex., and Mulholland, Robie & Hickey, Washington, D. C., for defendants.

KENNERLY, District Judge.

Plaintiffs J. D. Conley, Stanley Moore, Sr., George L. Carter and B. A. Watson allege in their complaint that they bring this suit under the National Railway Labor Act, Title 45 U.S.C.A. § 151.

They say they are citizens of the United States and of the State of Texas, and that they are Negro employees of the Texas & New Orleans Railroad Company and/or the Southern Pacific Transport Company, corporations doing business in Houston, Harris County, Texas. That they are members of a national labor union or organizations known as the Brotherhood of Railroad & Steamship Clerks, Freight Handlers, Express and Station Employees (for brevity called "Brotherhood"). That the Brotherhood has in Houston, Texas, a local union or subsidiary composed of white men and known as Local 28, and a similar local union or subsidiary composed of Negro men known as Local 6051.

Plaintiffs sue Pat J. Gibson as General Chairman of Locals 6051 and 28, and Raymond Dickerson, Division Chairman thereof. They also sue Local 28. Whether the Brotherhood is sued is not entirely clear, but I am assuming that it is a party defendant herein.

Defendants have moved to dismiss alleging lack of jurisdiction, defect of parties defendant, that plaintiffs do not in their complaint present a justiciable issue and that such complaint fails to state a claim upon which relief can be granted. This is a hearing under Local Rule 25 of such motion.

1. Plaintiffs allege that Local No. 28 is the bargaining agent of the members of the Brotherhood and has been so designated in pursuance of such Act. That Local 28 has negotiated with such Railroad Company, et al., a working agreement to which plaintiffs refer in their complaint.[1]

Reference is made to plaintiffs' complaint as a whole. While plaintiffs' allegations are not at all clear, the nature of plaintiffs' case and the relief sought appears to be stated in paragraph three of plaintiffs' complaint (their prayer) in which they pray that the Court enter a final decree

"(a) Declaring that the segregation of Negro employees of the craft represented by the Brotherhood into a separate local is illegal under the National Labor Relations Act, and is contrary to the Union Shop Agreement of March 1, 1953, and permanently and perpetually enjoin the Brotherhood, its agents, officers, representatives or any of them from requiring plaintiffs to maintain membership in the Union by joining Local 6051, the segregated local—

"(b) That the defendants, and each of them, their servants, agents, members and officers are permanently and perpetually restrained and enjoined from refusing to bargain for plaintiffs and those whom they represent on a basis equal to that afforded to white employees, clerks, who are also represented by the Brotherhood of Railway and Steamship Clerks—

"(c) That the defendants, and each of them, their servants, agents, members and officers, are permanently and perpetually restrained from refusing to protect plaintiffs and those whom they represent from discriminatory action because of race

1. A copy of such agreement does not appear to be among the papers in the case.

or color from whatever quarter emanating."

In paragraph four of their prayer they also pray—

"That this Court issue a permanent injunction forever restraining the defendants, and each of them, their agents, servants, officers and members from permitting, or engaging in any discrimination toward plaintiffs and those whom they represent, from allowing plaintiffs jobs to be abolished summarily, and from allowing the discharge of plaintiffs and those whom they represent, the termination of their seniority on account of race or color when employees of the white race, clerks, are not so affected; and that the defendants be restrained from being or purporting to act as exclusive collective bargaining agent with the T. & N. O. Railroad Company concerning grievances, labor disputes, wages, rates of pay, and hours of employment so long as any acts of discrimination continue, and unless and until the defendant Labor Union, its agents, servants, officers and members give these plaintiffs and all of the other Negro employees whom they represent, equality of representation on any phase of labor negotiations."

In paragraph five of their prayer they also pray—

"Plaintiffs further pray that this Court award them judgment for damages in the amount of Seventy-five Thousand Dollars ($75,000.00)."

Citing Moore v. Illinois Cent. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318; Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Railway Conductors of America v. Southern Ry. Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811; Hettenbaugh v. Airline Pilots Ass'n Intern., 5 Cir., 189 F.2d 319; Hayes v. Union Pacific Co., 9 Cir., 184 F.2d 337, certiorari denied 340 U.S. 942, 71 S.Ct. 506, 95 L.Ed. 680; Id., D.C., 88 F.Supp. 108; Kendall v. Pennsylvania R. Co., D.C.Ohio, 94 F.Supp. 875; Van Zandt v. Railway Exp. Agency, D.C.N.Y., 99 F.Supp. 520; Butler v. Thompson, 8 Cir., 192 F.2d 831, defendants say in support of their Motion to Dismiss and their claim that this Court is without jurisdiction. That since plaintiffs raise no question of the lawfulness of the selection of Local 28 as a bargaining agent, nor of the validity of such bargaining agreement, jurisdiction is not here. That the Federal Courts are not charged with the duty of policing parties in the performance of collective bargaining agreements under such Act. They press the point that this case should be dismissed for lack of jurisdiction. I think and conclude that defendants' position is well taken and their Motion to Dismiss should be granted.

The case of Moore v. Illinois Cent. R. Co., supra, standing alone may throw some doubt upon this conclusion, but that case does not stand alone. It has been modified and limited by the many cases cited. The present ruling is well stated by the Court of Appeals for this circuit in Hettenbaugh v. Airline Pilots Ass'n, supra, where it is said [189 F.2d 321]:

"The Congress did not, by the Railway Labor Act, grant jurisdiction to the federal courts to afford relief for breaches of performance of collective bargaining agreements. Appropriate quasi-judicial tribunals have been established for that purpose. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. It is only when collective bargaining agreements are unlawfully entered into, or when the agreements themselves are unlawful in terms or effect, that federal courts may act. The question of federal jurisdiction being decisive, it is not necessary to consider the other contentions made by the parties. The dismissal of the cause for want of jurisdiction was correct."

Plaintiffs apparently stand upon Steele v. Louisville & N. R. Co., 323 U.S. 192, 193, 65 S.Ct. 226, 89 L.Ed. 173, and Tunstall v. Brotherhood, 323 U.S. 210, 211, 65 S.Ct. 235, 89 L.Ed. 187, but those cases are fully considered and differentiated by the Court of Appeals of the Ninth Circuit in Hayes v. Union Pacific R. Co., cited above.

Because of my conclusion that this Court is without jurisdiction, it is not necessary to discuss the other question presented.

Let an order be drawn and presented dismissing the case.