AYRES, Judge.
Plaintiff instituted this action to recover of his former employer allowances provided as part of his wages under the provisions of an agreement, termed “Washington Agreement of 1936”, entered into by a majority of the railroad companies and labor organizations or brotherhoods representing railway employees, for the months of April, May and June, 1956, aggregating $285.11, together with a continuing monthly wage or stipend of $389.40, from demand for payment until payment made, and for a reasonable attorney’s fee and costs. The latter portion of plaintiff’s ■demands as to the continuing monthly wage and an attorney’s fee is predicated upon the provisions of LSA-R.S. 23:631, 632.
Defendant, in answering plaintiff’s demands, admitted owing plaintiff the amount -of the aforesaid allowances, which together with costs of court, it tendered to plaintiff and deposited in the registry of the court. Subsequently, however, defendant filed and urged a plea to the jurisdiction of the court ratione materiae and an exception of no cause and of no right of action. Both plea and exception were sustained and, accordingly, plaintiff’s action was dismissed. From the judgment thus rendered and signed, plaintiff has appealed.
Plaintiff was employed by defendant April 16, 1946, and continued in such employment until his resignation on June 21, 1956. He was, therefore, an employee of defendant prior to, at the time of and subsequent to defendant’s merger or consolidation with the Louisiana & Arkansas Railway Company. The position in which he was employed prior to the aforesaid merger, wherein his average monthly earnings were $389.40, was abolished, due to 'said merger, March 31, 1956, after which plaintiff was retained in the defendant’s employ but in a position of inferior grade and at a lower rate of pay. The difference in pay of the two positions constitutes the allowances provided for in the aforesaid and so-called “Washington Agreement of 1936”.
The gist of defendant’s plea to the jurisdiction of the court is (1) that as defendant is a common carrier engaged in interstate commerce and, therefore, subject to the Federal Fair Labor Standards Act of 1938 (29. U.S.C.A. § 201 et seq.), the State is without power or authority over matters of labor relations in interstate commerce and (2) that under the provisions of the Railway Labor Act (45 U.S.C.A. § 151 et seq.), the National Railroad Adjustment Board is given, and has, complete and exclusive jurisdiction over disputes growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions. 45 U. S.C.A. § 153.
Defendant’s exception of no cause and of no right of action is predicated upon the premises (1) that this is an action under the aforesaid Washington Agreement, which prescribes administrative procedure for the handling and settlement of claims and controversies arising thereunder, and that, finally, the decision of a referee in connection therewith is final and conclusive, and (2) that plaintiff failed to follow such administrative procedure, for which reason *321 he is precluded from seeking judicial aid in the enforcement of his rights.
Defendant contends that the matters in dispute exist by virtue of the aforesaid Washington Agreement and that the courts, neither federal nor state, have power to adjudicate disputes involving the interpretation of agreements between carriers and their employees or to settle disputes arising out of the construction of such agreements as jurisdiction over such agreements and their interpretations concerning rates of pay, rules or working conditions was vested completely and exclusively in the National Railroad Adjustment Board created by Congress in the Railway Labor Act. Cited in support of this contention are—Slocum v. Delaware, Lackawanna & Western Railroad Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, and Order of Railway Conductors of America v. Southern Railway Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811. In both cases it was held that the National Railroad Adjustment Board has exclusive jurisdiction to adjudicate disputes between railroads and labor unions involving the interpretation of collective labor agreements. There the dispute concerned the interpretation of an existing bargaining agreement. Its settlement would have had prospective, as well as retrospective, importance to both the railroad and its employees since the interpretation would have governed future relations of those parties.
However, it was held in Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, that a railway employee claiming that his discharge was in violation of an agreement between the defendant railroad company and a labor union could, in the first instance, institute his action in court for damages for such alleged wrongful discharge, and that the exhaustion of the administrative remedies granted by the Railway Labor Act, 45 U.S.C.A. § 151 et seq., is not a prerequisite to the bringing of a court action therefor.
In distinguishing its holding in the Slocum case from that in the Moore case, the court stated:
“Our holding here is not inconsistent with our holding in Moore v. Illinois Cent. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. Moore was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking reinstatement and back pay. Instead he chose to accept the railroad’s action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases. A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide, and does not involve questions of future relations between the railroad and its other employees.” [339 U.S. 239, 70 S.Ct. 580.]
Also in point is the decision of the United States Court of Appeals for the First Circuit in Cepero v. Pan American Airways, Inc., 195 F.2d 453, 455, which was an appeal by one of numerous plaintiffs from a final judgment dismissing a complaint brought to recover wages allegedly due under a collective bargaining agreement entered into between the Transport Workers Union of America, representing a local union of which plaintiffs were members, and the employer, and, in the case of the appellant and a few of the other plaintiffs, to recover damages for their alleged lay-off without regard to their seniority standing, wherein the court appropriately stated:
“The next matter for consideration is the plaintiffs’ standing to sue in the absence of resort to the administrative procedures of the Railway Labor Act.
“The respective lines of distinction between cases wherein resort to the National Railroad Adjustment Board is a prerequisite to relief in the courts, Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Railway Con *322 ductors v. Southern R. Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811, cases in which a court must stay its hand until the Adjustment Board has had a chance to act, Order of Railway Conductors v. Pitney, 1946, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318 and cases in which the right to sue in a court is not dependent upon prior exhaustion of the administrative remedies provided in the Act, Moore v. Illinois Central R. Co., supra, may not be easy to draw in every situation. But in this case we are not required to trace those lines of distinction nicely for our case on its facts is analogous to the one last cited, wherein in a suit by a member of the Brotherhood of Railroad Trainmen against a railroad company for damages for alleged discharge contrary to the terms of a contract between the Trainmen and the railroad, the Court said, 312 U.S., at page 634, 61 S.Ct. at page 756, that it found ‘nothing in that Act which purports to take away from the courts the jurisdiction to determine a controversy over a wrongful discharge or to make an administrative finding a prerequisite to filing a suit in court.’ See also Slocum v. Delaware, L. & W. R. Co., supra, 339 U.S. 244, 245, 70 S.Ct. 579, 580, wherein the Moore case is distinguished. We see no reason why a suit to recover wages allegedly due under a collective bargaining agreement should stand on any different footing from one to recover for discharge in violation of such a contract, so we conclude on the basis of the Moore case, supra, that the courts may proceed at once to adjudication not only of the issue of wrongful discharge but also of the issue of wages due.”
Where the employer suspended an employee for alleged misconduct in accordance with the grievance procedure of a contract between the employer and the appropriate labor union, followed by the employee’s discharge and his filing of a complaint with the National Railroad Adjustment Board, but subsequently withdrawn, after which he instituted an action for damages for wrongful discharge, it was held in Condol v. Baltimore & O. R. Co., 91 U.S.App.D.C. 255, 199 F.2d 400, 402:
“A railroad employee is not required to seek an adjustment of his controversy with the railroad company under the terms of the Railway Labor Act (45 U.S.C.A. § 151 et seq.) before suing for damages for wrongful discharge. Contrary to the usual rule, he need not first exhaust his administrative remedy. Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Moore v. Illinois Central R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089.”
We are in accord with defendant’s contention that the courts have no jurisdiction over disputes growing out of grievances or out of the interpretation or construction of agreements concerning rates of pay, rules or working conditions. However, we are not in agreement with the position taken that this action involves such a dispute or controversy. The dispute between plaintiff and defendant does not arise out of the terms of the aforesaid Washington Agreement nor do the issues presented require a construction or interpretation of the provisions of that agreement. The materiality of the aforesaid agreement is only incidental in fixing the amount due plaintiff under the terms of his former employment with defendant, about which there is no dispute or issue, as defendant, in answer and by its deposit made in the registry of the court, concedes the correctness of plaintiff’s wage fixed in accordance with that agreement. The sole issues are the applicability of the provisions of LSA-R.S. 23:631, 632 and whether or not plaintiff has complied with the prerequisites therein prescribed for the recovery of a continuing wage due under the terms of his employment from and after a demand for payment made subsequent to *323 his resignation, and for the recovery of a reasonable attorney’s fee.
The provisions of the aforesaid sections of the statute read as follows:
“§ 631.
“It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.”
“§ 632.
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the laborer or other employee for his full wages from the time the demand for payment by the discharged or resigned laborer or employee was made, until the employer shall pay or tender payment of the amount due to such laborer or other employee. Reasonable attorneys’ fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a just suit be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation.”
The conclusion is that this is not an action under the aforesaid Washington Agreement but under the above quoted sections of the statute and, therefore, the exhaustion of rights under the administrative procedure prescribed in the Washington Agreement is unnecessary and does not constitute a prerequisite to plaintiff’s institution and prosecution of this action in a court of competent jurisdiction for the recovery of wages due under the applicable laws of this State, nor is it a matter growing out of grievances arising out of agreements concerning rates of pay, rules or working conditions, the settlement of which is within the exclusive jurisdiction of the National Railroad Adjustment Board. Neither is the construction or interpretation of any such agreements required. Inasmuch as the trial court reached a contrary conclusion upon which the plea and exception were sustained, it follows, in our opinion, that the judgment was erroneous and should be reversed and set aside.
Therefore, the judgment appealed is annulled, avoided, reversed and set aside and it is now ordered that the plea to the jurisdiction of the court and the exception of no cause and of no right of action be and they are hereby overruled and, accordingly, this cause is remanded to The Honorable The First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law; the appellee to pay the costs of this appeal, all other costs to await final determination of the case.
Reversed and remanded.