**George BRITTON et al., Appellants,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY and The Grand Lodge Brotherhood Railway Carmen of America, Appellees.**

No. 19317.

United States Court of Appeals
Fifth Circuit.

May 17, 1962.

Ernest D. Jackson, Sr., Jacksonville, Fla., for appellants.

Richard R. Lyman, Toledo, Ohio, Wm. H. Adams, III, Jacksonville, Fla., Botts, Mahoney, Whitehead, Ramsaur & Hadlow, Jacksonville, Fla., Mulholland, Robie & Hickey, Toledo, Ohio, for appellee Grand Lodge Brotherhood Railway Carmen of America.

Clark W. Toole, Jr., Jacksonville, Fla., Ragland, Kurz, Toole & Martin, Jacksonville, Fla., of counsel, for appellee, Atlantic Coast Line R. Co.

Before BROWN, WISDOM and BELL, Circuit Judges.

PER CURIAM.

This was a complaint brought by or on behalf of certain Negro railroad workers seeking relief against the Brotherhood Railway Carmen of America, of which

they are members, and the Railroad for allegedly abolishing certain jobs previously performed by them and wrongfully assigning similar work to others. The District Court dismissed the complaint on the ground that the Court was without jurisdiction since exclusive jurisdiction was in the Railway Adjustment Board. The Court presumably concluded that, reading the detailed allegations of the complaint together with annexed exhibits, it was clear that, in contrast to general conclusory allegations of discriminatory unfair representation and practices, this was really a suit on, and a controversy over, the interpretation of the collective bargaining agreement. Under Slocum v. Delaware, Lackawanna & Western R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Ry. Conductors of America v. Southern Ry. Co., 1950, 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811; and Fingar v. Seaboard Air Line R. Co., 5 Cir., 1960, 277 F.2d 698, 700, the exclusive jurisdiction would of course, be in the Railway Adjustment Board.

While we think that this construction of the complaint was permissible and is therefore affirmed, we feel that the Court ought not to have expressly denied leave to amend the complaint. All parties are in agreement that if a complaint properly sets forth the theory of illegal discrimination of a type similar to Steele v. Louisville & Nashville R. Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 1944, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Graham v. Brotherhood of Locomotive Firemen, 1949, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22; Brotherhood of Railroad Trainmen v. Howard, 1952, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; Central of Georgia R. Co. v. Jones, 5 Cir., 229 F.2d 648, cert. den. 352 U.S. 848, 77 S.Ct. 32, 1 L.Ed.2d 59, jurisdiction is properly in the Courts, rather than in the Railway Adjustment Board. Since an outright affirmance of the judgment might subject the parties to a plea of res judicata on the merits or as to jurisdiction, or both, we think that the plaintiffs should be afforded an opportunity of filing whatever amended complaints they properly can. The cause is therefore remanded for such further and consistent proceedings.

Affirmed and remanded.