388 So.2d 432 (1980)
Douglas Ray JOHNSTON, Plaintiff-Appellant,
v.
George CUMMINS and Lafayette Insurance Company, Defendants-Appellees.
No. 14203.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
*433 Wright & Wright by Ned D. Wright, Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for intervenor-appellant, Houston General Insurance.
Wegmann & Longenecker by Geoffrey H. Longenecker, New Orleans, for defendants-appellees.
Before PRICE, MARVIN and FRED W. JONES, JJ.
FRED W. JONES, Judge.
Johnston filed suit in tort against Cummins and his homeowner's insurance carrier for injuries sustained when plaintiff was painting the roof of Cummins' home. It was alleged that Cummins had employed Cagle, a general contractor, to renovate his home and that Cagle had subcontracted the painting of the roof to Johnston. Cagle's workmen's compensation insurance carrier intervened, seeking to recover workmen's compensation benefits paid to plaintiff.
Defendants filed an exception of "no right or cause of action" asserting that since Cummins was Johnston's statutory employer, plaintiff's action in tort was barred because his sole remedy was in workmen's compensation. The exception was simply presented for decision on the record to the trial judge, who then sustained the exception and ordered plaintiff's suit dismissed. Plaintiff and intervenor appealed devolutively from this judgment.
As pointed out in Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977), Louisiana does not have an exception of "no right or cause of action." We do have an exception of "no cause of action," La.C.C.P. Article 927(4), and an exception of "no right of action," La.C.C.P. Article 927(5). Although the exceptors in this case do not employ the correct terminology, for purposes of this discussion we treat their pleading as an attempt *434 to urge both of the described exceptions.

No Cause of Action
The purpose of the peremptory exception of "no cause of action" is to test whether plaintiff's allegations entitle him to any remedy whatsoever at law. For purposes of deciding this exception all well-pleaded allegations of the petition must be taken as true. Any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La. 1975); American Bank & Trust Co. v. French, 226 So.2d 580 (La.App. 1st Cir. 1969).
As pointed out in Steagall v. Houston Fire & Casualty Co., 138 So.2d 433 (La.App. 3rd Cir. 1962):
"... in passing on an exception of no cause of action, a plaintiff is not required to negate all statements of fact which might bar his own recovery but, rather, the exception must be overruled unless its allegations affirmatively establish that under no facts admissible under the allegations of the petition does he have a cause of action and unless its allegations exclude every reasonable hypothesis of facts other than those showing that the plaintiff cannot recover as a matter of law."
In this case plaintiff alleged that, while carrying out his work as a painting subcontractor on the roof of Cummins' home, "without warning, a portion of the roof collapsed" and plaintiff fell some 10 to 12 feet to the floor of the concrete carport. He then proceeded to enumerate the ways in which Cummins was negligent and asserted that the homeowner was strictly liable to plaintiff under La. Civil Code Article 2322.
Obviously plaintiff alleges facts which, if true, constitute "a particular grievance for which the law affords a remedy." Therefore, assuming that defendants' pleading includes an exception of "no cause of action," that exception must be overruled.

No Right of Action
Since it is concluded that plaintiff's petition states a cause of action, the next question is whether the remedy afforded by law can be invoked by this particular plaintiff. An exception of "no right of action" is the appropriate vehicle for raising that issue. Holzhauser v. Fagan, 363 So.2d 1232 (La.App. 4th Cir. 1978); Bamber Contractors, Inc. v. Henderson Bros., Inc., supra.
It was noted in Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967), that:
"The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit ...."
The exceptors in this case are apparently contending that, even though plaintiff stated a cause of action in tort for which someone may have a remedy, the law does not afford a tort remedy to this particular plaintiff because Cummins was his statutory employer. Consequently, it is argued that plaintiff is restricted to a claim for workmen's compensation benefits.
It is a well-established rule of law in this state that the plea of "statutory employer" under the provisions of La. R.S. 23:1061, whether as the basis of a suit or as a defense, is an affirmative plea and the burden of proof is upon the party asserting it. Duplechin v. Pittsburgh Plate Glass Co., 265 So.2d 787 (La.App. 3rd Cir. 1972); James v. Lykes Bros. S.S. Co., 175 So.2d 444 (La.App. 4th Cir. 1965). Also see Malone-Johnson, "Worker's Compensation," 2d Ed., La. Civil Law Treatise, Vol. 14, § 126, p. 259.
Defendants are apparently asserting their affirmative defense of "statutory employer" by means of an exception of "no right of action." It is axiomatic that evidence is admissible, in connection with the trial of this particular exception, to show a lack of plaintiff's interest in the subject matter of the litigation or that plaintiff does not possess the right to assert the *435 claim sued upon. Bielkiewicz v. Rudisell, supra; Gibbons v. Kansas City Southern Ry. Co., 100 So.2d 319 (La.App. 2nd Cir. 1957). However, in this case no evidence at all was offered by the exceptors in support of their plea at the trial of the exception. Since they had the burden of proving their affirmative defense and failed to discharge that burden, the exception of "no right of action" must be overruled.

Conclusion
For the reasons set forth, the judgment of the trial court sustaining defendants' exceptions is reversed and set aside and the exceptions are overruled. The case is remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of the appeal are cast against defendants-appellees.