**J. D. CONLEY, Stanley Moore, Sr., George L. Carter and B. A. Watson, Plaintiffs,**

**v.**

**Pat GIBSON, General Chairman of Locals 6051 and 28, Raymond Dickerson, Division Chairman of Local 6051 and 28, Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, A.F. of L., and Local 28 of Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, Defendants.**

**Civ. A. No. 8843.**

United States District Court
S. D. Texas,
Houston Division.

June 22, 1961.

Roberson L. King, Dent, King, Walker & Wickliff, Houston, Tex., for plaintiffs.

Chester M. Fulton, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex. and Edward J. Hickey, Jr., Mulholland, Robie & Hickey, Washington, D. C., for defendants.

FISHER, District Judge.

This case is again before the District Court but this time on Defendants' motion to dismiss as to the deceased Plaintiffs Moore and Carter, and to grant summary judgment as to the Plaintiffs Watson and Conley, and as to the purported class action.

A brief history of the case is necessary at this point. The complaint, filed August 21, 1954 by Messrs. J. D. Conley, Stanley Moore, Sr., George Carter and B. A. Watson against Pat Gibson, General Chairman of Locals 6051 and 28; Raymond Dickerson, Division Chairman of Locals 6051 and 28, Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, A. F. of L., and Local 28 of Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, seeks on behalf of themselves and others the named plaintiffs' claim to represent declaratory, injunctive, and monetary relief for alleged violation of plaintiffs' rights under the Railway Labor Act because of their race and color.

A statement of the nature of the complaint, adequate for the present opinion, is set forth in Conley v. Gibson, 138 F. Supp. 60, the opinion by Judge Kennerly upholding the Defendants' motion to dismiss. On appeal to the United States Court of Appeals for the Fifth Circuit, the Court in a per curiam opinion affirmed the District Court in Conley v. Gibson, 229 F.2d 436. The Plaintiff's petition for certiorari to the Supreme Court was granted and on October 21, 1957, the Supreme Court in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, reversed the lower courts and held that it

was error to dismiss the complaint for lack of jurisdiction and remanded the case to this court for further consistent proceedings.

On remand, the Court is again faced with a motion of Defendant which disposes of the Plaintiffs' claim. The three grounds of the motion are: (1) to dismiss the complaint under Rule 25(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. as to the deceased Plaintiffs Stanley Moore, Sr. and George Carter; (2) to grant summary judgment under Rule 56(b) of the Federal Rules against Plaintiffs J. D. Conley and B. A. Watson and the class action of those they claim to represent on the ground that the uncontroverted facts as shown in depositions on file with the Court, and the affidavit of Defendant Pat Gibson, show that Defendants have not violated any rights of Plaintiffs as alleged in the complaint; (3) and as an additional ground for judgment against Plaintiff Conley, the failure to appear, after notice, for the taking of his deposition.

Plaintiffs' response to the motion contains three paragraphs of which the first, dealing with damages, racial discrimination, and the relationship between the Texas and New Orleans Railroad Company and the Southern Pacific Transport Company, is immaterial to the disposition of this motion.

Paragraph II of Plaintiffs' response to the motion states, "No issue exists with respect to the facts contained in point (1) of Defendants' Motion for Summary Judgment." This is quite correct, in that, Rule 25(a) states, "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. * * * " The exact dates of the deaths of Moore and Carter do not appear in the record; however, Plaintiffs' counsel advised Defendants of this fact at the time of taking B. A. Watson's deposition on December 4, 1958.

See deposition of B. A. Watson, Page 3, December 4, 1958.

Under the mandate of Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436, this Court dismisses the complaint as to Plaintiffs Stanley Moore, Sr. and George Carter.

■ The sole question remaining is whether or not B. A. Watson and J. D. Conley have shown a deprivation of their individual rights. As to these remaining named Plaintiffs in this class action, Watson and Conley, it is well settled that they must be able to show injury to themselves individually or they have no standing to represent the class. As the Fifth Circuit held in Brown v. Board of Trustees of LaGrange Independent School Dist., 187 F.2d 20,

"All of these considerations, however, are completely beside the mark here, for plaintiff has wholly failed to plead or prove any deprivation *of his civil rights* and it is elementary that *he has no standing to sue for the deprivation of the civil rights of others.* What the Supreme Court said in McCabe v. Atchison, T. and S. F. Ry. Co., 235 U.S. 151 at pages 161–162 & 164, 35 S.Ct. 69, 71, 59 L.Ed. 169, and quoted with approval in State of Mo. ex rel. Gaines v. Canada, 305 U.S. 337, 351, 59 S.Ct. 232, 83 L.Ed. 208, has precise application here:

' * * * The complainant cannot succeed because someone else may be hurt. Nor does it make any difference that other persons who may be injured are persons of the same race or occupation. It is the fact, clearly established, of injury to the complainant—not to others —which justifies judicial intervention. * * * ' "

■ The deposition of B. A. Watson and the affidavit of Pat Gibson clearly illustrate that Watson and Conley have not been injured in any way by the actions of the Defendants. Even Plaintiffs'

response to the motion admits that, "No issue exists with respect to so much of point (2) of Defendants' motion for summary judgment relating to J. D. Conley and B. A. Watson, individually; an issue does exist with respect to dismissal of said parties as representatives of the class." The following quotation from Watson's deposition sums up his position:

"Q. You have already stated that you didn't lose any time?

"A. I didn't lose any time.

"Q. You didn't lose any pay?

"A. I didn't lose any pay.

"Q. You didn't lose any time or pay?

"A. Well, I got the same pay until we got another raise.

"Q. You didn't lose any seniority?

"A. No, I didn't lose any seniority.

"Q. So what you are complaining about is something that happened to somebody else; isn't that right?

"A. Well, you can take it in that way, but I can consider that whatever happened to my fellow man, it happens to me as well."

As for the secondary claim that the Brotherhood maintains a segregated local 6051 contrary to law, Watson's deposition on this point reads,

"Q. Have you ever filed any application with any lodge other than 6051?

"A. Not in no labor organization, I haven't.

"Q. That is all I am talking about.

"A. No.

"Q. You never did file any application or attempt to become a member of Lodge #28?

"A. Lodge 28?

"Q. Yes.

"A. Not to my knowing.

"Q. No. Your answer is No?

"A. Yes, sir, that's right."

Again, it is clear that on the secondary claim, Watson has suffered no individual injury. The mere fact, if true, that a separate local is maintained solely for Negroes, does not give rise to an action for one who has not suffered injury because of that fact.

Watson has retired and is now receiving a pension from the Railroad.

Defendant Pat Gibson's affidavit stated that Plaintiff Conley continued his employment with the Texas and New Orleans Railroad without loss of any pay or time. Conley walked off the job without permission in January of 1957, and was not heard of until October, 1957, when he returned to work. He failed to appear at a hearing set to investigate his actions and has not been heard of since. The affidavit was sworn to on April 14, 1961. Conley is no longer a member of the Brotherhood. It follows from the Gibson affidavit that Conley occupies the same status as Watson—both are uninjured Plaintiffs. An alternate ground for summary judgment as to Conley is his failure to appear for his deposition. Rule 37(d) states,

"If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

Since there is no injured Plaintiff representing the class, the action must fail; therefore, the motion of Defendants to dismiss the complaint as to the deceased

Plaintiffs Moore and Carter and to grant Defendants summary judgment as to Plaintiffs Watson and Conley, and as to the purported class action is hereby granted.