J. G. GOGLOWSKI et al., Plaintiffs,

v.

PENN CENTRAL TRANSPORTATION COMPANY et al., Defendants.

Civ. A. No. 73–364.

United States District Court,
W. D. Pennsylvania.

Dec. 20, 1976.

T. Dean Lower, Hollidaysburg, for plaintiffs.

Richard D. Gilardi, Pittsburgh, Pa., Michael Klein, O'Donnell & Schwartz, New York City, Richard N. Clattenburg, Philadelphia, Pa., Amos Davis, Altoona, Pa., Aloysius F. Mahler, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

The Complaint in this case is made by several employees of Defendant Railroad who are members of Defendant Unions. It recites that a Seniority Agreement made in 1972 between the Railroad and officers of the Union (the named individual defendants) violated their rights under the Basic Collective Bargaining Agreement of 1970, the Merger Protective Agreement of 1964 and the Implementing Agreement of 1970.

Plaintiffs claim that these violations affected certain seniority rights to their detriment and damage. They sue the employer Railroad, and the International and Local Unions together with certain officers, which we will designate under the collective term "Unions" herein.

As to the Railroad, the Plaintiffs' Complaint alleges that its application of the 1972 Agreement was a breach of contract as to their rights under the prior collective bargaining agreements.

As to the Unions, the Plaintiffs' Complaint alleges lack of authority of the Unions to make the 1972 agreement, or that the Unions failed in its duty of fair representation in negotiating the agreements or failing to satisfy their complaints thereafter.

Both the Railroad and the Unions have moved for summary judgment and the court finds no genuine issue of material fact which prevents the disposition of this case as a matter of law.

## I

The authority of the Unions to make the agreement of 1972 exists under the terms of the Railway Labor Act. The Union was the designated bargaining agent of the plaintiff employees. The authority of the Union representatives to make the 1972 agreement relative to transfer of employees to another seniority district was contained in Rule 3–B–2 of the general collective bargaining agreement of 1970. The Railroad is required by the Act to deal and contract with the duly designated representatives of its employees. *Virginia Rwy. Co. v. System Federation No. 40,* 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 [1937].

The duly designated representative of the employees has statutory authority to make agreements binding upon the classes of employees represented with regard to pay rates, rules and working conditions. *Elgin, Joliet & Eastern Rwy. Co. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 [1945], aff'd. on rehearing 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928 [1946].

In *Kline v. Florida Airlines,* 496 F.2d 919 [5th Cir. 1974] the court sustained an agreement between a union and a carrier which adjusted certain seniority claims of employees and pointed out that the Railway Labor Act imposes a duty on carrier and unions to settle such matter by direct negotiations. The agreement is therefore valid and binding between the Defendant Railroad and the individual plaintiffs as members of the Union. The Complaint fails to state any cause of action against the Defendant Penn Central Transportation System. Any allegations of the complaint as to the failure of the Union to represent plaintiffs fairly are immaterial as to the position of the Railroad.

To the extent that the complaint against the Railroad avers a breach of any of the provisions of the collective bargaining agreements in effect between the parties, this court is without jurisdiction over such claims. All such claims by the terms of the Railway Labor Act, 45 U.S.C. § 153(1)(a) fall within the exclusive primary jurisdiction of the National Railroad Adjustment Board. *Slocum v. Delaware, L. & W.R.R. Co.,* 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 [1950]; *Order of Railway Conductors v. Southern Railway Co.,* 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811 [1950]; *Andrews v. Louisville & N.R.R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 [1972].

The Plaintiffs suggest that their suit is against both the Railroad and the Unions, suggesting that somehow this takes it out of the jurisdiction of the Railroad Adjustment Board, which is to settle "disputes between an employee or a group of employees and a carrier or carriers." 45 U.S.C. § 153, First. (i). But this factor does not oust the primary jurisdiction of the Adjustment Board. " . . . if the resolution of the differences between railroad employees, on one side, and the railroad and the unions, on the other, depends on the interpretation of disputed terms of the collective bargaining agreement, then the dispute must be sent to the National Railroad Retirement Board." *Roberts v. Lehigh and New England Railway Co.,* 323 F.2d 219, 222 [3rd Cir. 1963]. See also *Thompson v. New York Central Railroad Co.,* 361 F.2d 137 [2nd Cir. 1966].

As for the claims of breach of the duty of fair representation made against the Union, these claims cannot involve the Defendant Railroad. "We cannot see how the Railroad's rights or interests will be affected by this action to enforce the duty of the bargaining representative to represent petitioners fairly." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 [1957]. See also *Czosek v. O'Mara,* 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 [1970], and *Frederickson v. Railway Employees Department,* 436 F.2d 764 [9th Cir. 1970].

We are convinced that Summary Judgment must be entered for Defendant Railroad both on the grounds that there is no

genuine issue of fact as to the validity of the 1972 Agreement, and on the grounds that this court has no jurisdiction over the breach of contract asserted by the Plaintiffs.

## II

Plaintiffs have filed an Amended Complaint to support their claim that the Union arbitrarily and capriciously violated its duty of fair representation by negotiating and executing the 1972 Seniority Agreement. But in describing how this came about the Plaintiffs then allege that their contract rights under the prior agreements were violated. As we have previously shown, the alleged violation of such contract rights are matters within the exclusive jurisdiction of the Railroad Adjustment Board.

Essentially, the Plaintiffs' charge of unfair representation is grounded on the *validity* of the Seniority Agreement of 1972 because it was not submitted to the membership for ratification. Their brief states:

"It is not a 'minor dispute' because it does not involve the *interpretation* or *application* of an existing collective bargaining agreement. It is in fact a dispute between employees on the one hand and the unions and the carrier together on the other hand over the *validity* of an agreement entered into by the carrier and the unions. As such, jurisdiction lies only with the court."

They continue:

"Even if the dispute with the carrier could be referred to the Railroad Adjustment Board, there is no jurisdiction in the said Board to resolve a dispute *between employees and the unions*."

With respect to the claim of unfair representation brought against the Unions, in support of their motion the Defendant Unions and union representatives rely upon the collective bargaining agreements recited above, particularly the Merger Protective Agreement of 1964, the Implementing Agreement of 1970 and the basic Collective Bargaining Agreement of 1970. The agreements, which are not attacked by Plaintiffs, clearly permitted and empowered the repre-

sentatives of the Union to negotiate and execute the Seniority Agreement of 1972, which we have previously found valid as to the Railroad.

The Implementing Agreement of 1970, which plaintiffs do not attack, established procedures for the transfer of employees whose jobs were abolished. The basic Collective Bargaining Agreement of 1970 provided that:

"No changes or modifications shall be made in existing seniority districts of a craft or class, nor shall any roster be combined or divided unless otherwise agreed to, in writing, between the Director-Labor Relations and the Director of Railroad Division. Where the limits of a Division are changed, seniority districts and rosters of the employees affected shall be adjusted by agreement, in writing, between the Director-Labor Relations and the Director of Railroad Division."

The Railroad eliminated its Eastbound Car Repair Shop which it had a right to do, and transferred the work of that shop to the Westbound Division. This eliminated 33 jobs. Under the challenged Seniority Agreement of 1972 the former Eastbound Shop employees became part of the Altoona Heavy Repair Shop seniority district except for 13 employees, all of whom are plaintiffs herein who exercised their rights to bid for and receive jobs in the Westbound Repair Shop seniority district.

It would, therefore, appear that the challenged Seniority Agreement of 1972 was made to carry out the provisions of prior unchallenged agreements and that the union officers involved had reasonable grounds for belief that no ratification under Art. XXV of the Union Constitution or no 30 day notice under Sec. 6 of the Railway Labor Act was required.

Plaintiffs also allege the Unions' failure to provide fair representation because the Seniority Agreement of 1972 was not submitted to the affected membership for ratification. It is not disputed that the Seniority Agreement of 1972 was not sub-

mitted for membership ratification. The Defendant Unions argue that the provision of the International Union Constitution Art. XXV Sec. 2, which requires ratification, refers to collective bargaining agreements and basic contracts and not to those agreements arrived at in negotiations between the union and the employer arising during the administration of a basic collective bargaining agreement. This is the interpretation placed upon this provision of the International Union Constitution by the union's own officers to which reasonable deference is due in the absence of compelling evidence of bad faith, hostility or arbitrariness, which is not asserted here.

■ In any event, this is primarily a question of internal union management for which the International Union Constitution provides an internal remedy in Art. XXIII. The Plaintiffs have admitted in their complaint that the International Vice-President Hanaberry had advised them of their right of appeal on this question. A reading of Art. XXIII makes it plain that it covers all appeals including an appeal that the Seniority Agreement of 1972 was required to be ratified.

"ARTICLE XXIII.

Appeals

SECTION 2. Any member in good standing may appeal to the International Union (a) from any action of decision of his Local Union which adversely affects his interests as a Union member or as an employee and which he believes to be in violation of this Constitution or of the by-laws of his Local Union; or (b) from any decision of his Local Union pursuant to Article XX or Article XXI of this Constitution; or (c) from any other act or decision which, under this Constitution or his Local by-laws, is subject to appeal to the International Union."

■ The Plaintiffs' Amended Composite Complaint challenges the Unions for their failure to submit the Seniority Agreement of 1972 for ratification by the affected membership and the failure of Local and International Officers to rescind the agree-

ment upon complaints by the Plaintiffs. The response of the Union, through the affidavit of John Hanaberry, International Vice President of the Transport Workers Union of America, AFL–CIO acknowledges that many such complaints were made, but that the local and International Officers of the Union disagreed with the complaints and believed that the Seniority Agreement of 1972 was proper and valid and did not require either ratification under the International Constitution or under the 30 day notice requirements of Sec. 6 of the Railway Labor Act, 45 U.S.C.A. § 156. This disagreement with the interpretation placed upon its Constitution by the Union officers cannot rise to the dignity of unfair representation.

Those cases which have examined the duties of fair representation have required a showing that the union's conduct toward a member is arbitrary, discriminatory or in bad faith. *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 [1967]; *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 [1964]; *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 [1953]. While the Plaintiffs had been allowed to amend their complaint and in doing so have recited that the action of the union officers was arbitrary and capricious, when called upon to support these conclusory allegations by the Unions' Motion for summary judgment have failed to do so.

The response of Plaintiffs to Defendant Union's Motion and supporting affidavit is an affidavit of John Horon, who is a member of the defendant local union, and an officer and International Representative from 1955 through 1973 and participated in contract negotiations between 1955 and 1973. He avers that every case of an agreement between a local union and the Railroad, and every case of an agreement between the International and the Railroad, between 1955 and 1973 was submitted to the membership of the concerned local, or to the membership of all locals in case of an agreement by the International for membership approval. He further avers that

**906**

this was done in the three agreements referred to in the pleadings. (The Merger Protective Agreement of 1964, the Implementing Agreement of 1970, and the Basic Collective Bargaining Agreement of 1970). This was not done in the case of the Seniority Agreement of. 1972.

 We cannot accept this affidavit as creating an issue of fact that the signing of the Seniority Agreement of 1972 was done arbitrarily, discriminatorily or in bad faith. Union officials have a broad discretion in settling conflicting seniority rights and do not breach their duty of fair representation in acting to protect the legitimate interests of their constituents where there is no evidence of hostility toward any individual or group or any wrongdoing of any kind during negotiations. Unions have extended authority to reconcile and accommodate the conflicting interests of various groups. *Masullo v. General Motors Corp.,* 393 F.Supp. 188 [D.N.J.1975].

The Plaintiffs' Amended Composite Complaint and their Response to the Motion for Summary Judgment raise no issues of hostility or partiality on the part of the Union officers.

Plaintiffs rely on an allegation that such appeal would be futile, but the record establishes that Plaintiffs did not attempt to employ internal union remedies, nor show why this would be futile.

Exhaustion of internal union remedies is a necessary requirement to a complaint of breach of duty of fair representation. *Gainey v. Brotherhood of Rwy. & Steamship Clerks,* 275 F.2d 342 [3rd Cir. 1960]; *Mills v. Long Island R. Co.,* 515 F.2d 181 [2nd Cir. 1975]; *Sensabaugh v. Railway Express Agency,* 348 F.Supp. 1398 [D.Va.1972]; *Fingar v. Seaboard Air Lines Rr. Co.,* 277 F.2d 698 [5th Cir. 1960]; *Imel v. Zohn Mfg. Co.,* 481 F.2d 181 [10th Cir. 1973], cert. den. 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469; *Buzzard v. Int. Assoc. Machinists and Aerospace Workers,* 480 F.2d 35 [9th Cir. 1973].

We, therefore, conclude that Plaintiffs' Complaint against the Unions must be dismissed because of the failure of Plaintiffs to utilize the internal union remedies.