**J. B. GOCLOWSKI, et al., Plaintiffs,**

*v.*

**PENN CENTRAL TRANSPORTATION COMPANY, Transport Workers Union of America AFL–CIO, et al., Defendants.**

Civ. A. No. 73–364.

United States District Court,
W. D. Pennsylvania.

June 30, 1981.

T. Dean Lower, Hollidaysburg, Pa., for plaintiff.

Aloysius F. Mahler, Pittsburgh, Pa., for Penn Central.

Malcolm A. Goldstein, New York City, Gilardi & Cooper, Pittsburgh, Pa., for Transport Union.

## OPINION

WEBER, Chief Judge.

This is a law suit filed by thirteen individual railroad employees against their union, the Transport Workers Union of America, and their employer, Penn Central. Their complaint challenges the validity of an agreement executed November 1, 1972, between the Union and the employer which adversely affected their seniority rights. The complaint requested that the agreement·be invalidated because 1) it was an impermissible extension of the collective bargaining agreement then in effect, 2) it was not properly ratified by the union

membership, including plaintiffs, and 3) the union defendant unfairly represented plaintiffs in executing such an agreement.

Prior to November 13, 1972, the plaintiffs were carmen employees of the Union, listed on the rolls of the Railroad's Eastbound Seniority District and working at the Railroad's Eastbound Repair Shop doing day to day repair work. Their seniority was established according to their tenure in that shop within that seniority district.

Prior to this time the Railroad and the Union agreed to change the status of the Eastbound Repair Shop at Altoona by transferring the day-to-day repair work to the Westbound Repair Shop and by using the Eastbound Shop for programmed car repair work, under the jurisdiction of the Altoona Heavy Repair Shop. Since seniority is determined by Seniority District in which one works, such a transfer to the Westbound Seniority District would change the seniority status of the plaintiffs. Plaintiffs were informed in October of 1972 that this change in their seniority status was being contemplated. The plaintiffs complained to the Local Union and its officials about this proposed change at that time.

On November 1, 1972, the agreement effectuating the change was signed by officers of both the Local and International Union and by officials of the Railroad. The negotiations for this agreement appear to have been worked out between the Railroad and the Union officers. The agreement was never submitted to the affected membership for ratification.

The thirteen plaintiffs here exercised their right to relinquish their seniority and jobs in the Eastbound Seniority District and accepted diminished seniority in the Westbound District, rather than be transferred to the Altoona Heavy Repair Shop.

Following the transfer of employees from the Eastbound Seniority District, the Eastbound Repair Shop was reopened as part of the Altoona Heavy Repair Shop Seniority District. Plaintiffs were now listed in the seniority roster for the Westbound District. Plaintiffs allege that the new carmen hired to work in the Eastbound shop under the reorganization plan now do substantially the same work as plaintiffs had done there before the transfer. They allege that they have been unnecessarily replaced by similarly skilled employees, and that they have suffered damage to protected rights, loss of seniority positions and have been forced to accept less desirable working conditions. They allege that this damage was a result of a conspiracy between the Union officers and Penn Central to execute the November 1 agreement by a procedure improper under other agreements then in effect, which amounts to unfair representation of the plaintiffs.

This case was originally heard by this court on motions for summary judgment which were granted on behalf of both defendants. *Goclowski v. Penn Central*, 423 F.Supp. 901 (1976). This decision was affirmed in part and reversed in part [571 F.2d 747, 3rd Cir. (1977)] with the following results: The Court of Appeals affirmed our finding that the cause of action for breach, alleging that the November agreement was an impermissible extension of the collective bargaining agreement, was a minor dispute properly to be brought before the National Railroad Adjustment Board (NRAB): the other two causes of action, the claim to invalidate for failure to obtain ratification of the Union membership and the claim of unfair representation were remanded to the district court on a finding that plaintiffs had alleged issues of fact which made the case inappropriate for summary judgment.

Upon remand, matters in the district were stayed pending the outcome of the ordered arbitration before the NRAB. Its decision was rendered in July of 1980, finding that the November agreement was not an impermissible extension of the collective bargaining agreement.

Under the ruling of the Court of Appeals the NRAB was to decide the narrow issue of whether the signatory representatives of the Union and Penn Central had the authority to enter into the November agreement by virtue of the existing and recognized collective bargaining agreements then in effect. The carrier argued that Rule

3–B–2 of the collective bargaining agreement of November 1, 1970 gave the parties contractual authority to execute the November agreement. That provision reads:

No changes or modifications shall be made on existing seniority districts of a craft or class, nor shall any roster be combined or divided unless otherwise agreed to, in writing, between the Director-Labor Relations and the Director of Railroad Division. Where the limits of a Division are changed, seniority districts and rosters of the employes affected shall be adjusted by agreement, in writing, between the Director-Labor Relations and the Director of Railroad Division.

The Board employed a well established principle that where a provision of a collective bargaining agreement is unclear or ambiguous, or where it can be demonstrated that a long established past practice has prevailed in the absence of such contractual language, then a contract provision is deemed controlling. Under this standard, the Board found that Rule 3–B–2 was clear and plaintiffs' allegations of prior practice of ratification were not sufficient to disturb the clear meaning of the Rule. Therefore, the Board concluded that the signatories to the Agreement were within the authority available to them under the collective bargaining agreement of November 1970.

Defendants now argue that this decision of the NRAB is binding on this court and eliminates the remaining two causes of action remanded to this court for trial. They argue that a cause of action for unfair representation cannot be sustained if the signatory parties acted within their authority as found by the NRAB. They claim that plaintiffs do not assert the requisite "hostile, arbitrary or bad faith" conduct on the part of defendants necessary to sustain an unfair representation claim. Defendant Railroad further alleges that even if a claim of unfair representation can be sustained against the Union, the NRAB award would eliminate any implication of the Railroad in that unfair representation claim. The plaintiffs respond that the Circuit Court of Appeals opinion clearly delineated three separate causes of action, only one of which

was decided by the NRAB award, on the narrow issue of authority under the collective bargaining agreement, which does not effect the mandate to proceed on the other two causes of action.

■ The court recognizes the well established principle that an award of the NRAB is final and binding on this court. *Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 93–94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978); *Gunther v. San Diego & A.E. Railroad Co.*, 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); *Locomotive Engineers v. Louisville & Nashville Railroad Co.*, 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963); and *Union Pacific Railroad Co. v. Price*, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959). The scope of review is extremely limited and none of the possibilities for review set forth in Section 3 First (q) of the Railway Labor Act, 45 U.S.C. § 153 First (q) is available here.

■ In this case, however, the award made by the Board does not preclude this court's determination of the plaintiffs' other two causes of action as alleged by the defendants. This court is not disturbing the award of the Board by finding that we must proceed on other claims.

Plaintiffs allege two other causes of action than that which was decided by the Board, as delineated by the Court of Appeals. One of these causes of action is a contractual claim that despite the language of Rule 3–B–2, the November agreement is invalid for failure to obtain membership ratification. The plaintiffs allege that certain provisions of the Union Constitution, in particular Article XXV, Collective Bargaining and Contracts, § 2, require that all such agreements must be submitted to the affected membership for ratification.

This question involving the interplay between the Union constitution and the collective bargaining agreement was not an issue before the Board, which only interpreted the collective bargaining agreement.

The plaintiffs also allege that despite the present language of Rule 3–B–2 all such

agreements have, in the past, been submitted to the membership for ratification. Since terms of a contract can be altered by course of conduct, this presents a question of fact which must be decided by the district court.

Defendants claim that this issue was determined by the Board when it interpreted that provision of the collective bargaining agreement. The Board noted that prior to 1949, Rule 3–B–2 specifically required ratification by "66–2/3% of the class in each seniority district affected." Since the Rule was changed and excluded this specific clause, the Board found that this led to the "obvious conclusion that the membership of the Organization agreed to alter the Rule to forego the vote . . . in favor of permitting its representative to consummate any such change." Defendants state that this finding of the Board is conclusive as to the issue of past practice and is binding on this court.

What the Board decided, however, was simply that this change in the provision in 1949 specifically showed that these signatories were intentionally given the authority to enter into these types of agreement. The issue before the NRAB was only whether the signatories were procedurally within their scope of authority granted by the collective bargaining agreement when entering into the November agreement. The bargaining agreement may have intended to grant them such authority, as the Board so decided. But, plaintiffs allege that despite this authority, the Union continued the practice of submitting these types of agreements for ratification. This question of whether course or conduct altered the contractual grant of authority was not within the scope of the Board's inquiry and must be tried before the Court.

■ The second cause of action alleged by plaintiffs is a claim of unfair representation by both the Union and the Railroad. Defendants allege that the Board's award that the signatory parties were within their authority would foreclose this cause of action. The Union claims that if they were within their authority, plaintiffs' complaint cannot assert the requisite "hostile, arbi-

trary or bad faith" conduct necessary to sustain a claim of unfair representation.

The fact that the signatory parties had authority under the collective bargaining agreement to enter into an agreement does not necessarily mean that the contract they entered into pursuant to that authority is one which is in the interests of the Union membership. Furthermore, the Court of Appeals, in overturning the prior district court opinion, specifically found that the allegations of prior negotiations presented a claim of unfair representation.

> The district court held that the prior history of negotiations did not create an issue of fact as to whether the November agreement was a product of unfair representation. We disagree. The existence of prior negotiations points to the unusual nature of the November agreement. When coupled with the contested allegations concerning substitutions of other employees to replace plaintiffs at the same job and the Union's refusal to reassess the November agreement, an inference may be raised as to the Union's intentions. Thus, substantial questions of fact exist which require trial. 571 F.2d at 760–761.

Since the Board's award does not affect the question of prior negotiations and ratification, this issue of fact remains to be tried by this court.

■ Defendant Railroad further argues that since the signatory parties were within their authority when entering into the November agreement as found by the Board, then even if the Union did unfairly represent its membership by foregoing the ratification process, the railroad cannot be implicated in this cause of action. That alleged act of unfair representation is between the Union and its membership alone, and the Railroad cannot be involved in that claim. This claim though, was specifically rejected by the Court of Appeals:

> The district court held that even if a cause of action could be established for breach of the duty of fair representation, no such cause could lie against the employer. We are constrained to disagree.

While it is true that the claim is directed primarily against the Union, the employer is also charged with entering into the agreement with knowledge of the Union's lack of authority. This may constitute a sufficient basis to join the employer in an unfair representation claim. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) (employer implicated in dismissal of employees based on false allegations); *Glover v. St. Louis-San Francisco Ry. Co.,* [393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519] supra (case involving charges that the union unfairly represented its black members, employer retained as a defendant).

\* \* \* \* \* \*

Plaintiffs' complaint and supporting affidavits are replete with allegations and statements of facts which link the employer's action extricably with that of the Union. The employer is charged by plaintiffs with knowledge of the ratification requirement which is the basis for the unfair representation claim. Although the employer denies this, sufficient factual dispute exists to render impermissible a summary judgment for the Railroad in the unfair representation claim. 571 F.2d at 759.

Nothing in the Board's Award would affect these allegations of knowledge on the part of the railroad and thus they are still a party to this cause of action.

Therefore, there remains two causes of action to be tried by the District Court in accordance with the opinion of the Court of Appeals. The decision by the NRAB is not conclusive as to either of these causes of action.

An appropriate order will issue.