**Louise T. ANDERSON, Plaintiff,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, Defendant.**

United States District Court
S. D. New York.
June 25, 1956.

James J. Keenan, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant.

DIMOCK, District Judge.

Plaintiff, a railroad worker, alleging that she was wrongfully discharged, brings this action for reinstatement, back pay, and other relief against defendant railroad company. Defendant moves to dismiss the complaint, pursuant to Rule 12(b), F.R.Civ.P., 28 U.S.C.A., on the ground of lack of jurisdiction and failure to state a claim upon which relief can be granted.

■ Defendant contends that the National Railroad Adjustment Board has exclusive primary jurisdiction over an employee's claim for reinstatement, and that, therefore, this court has no jurisdiction of such a claim. This contention is amply supported by the authorities. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Van Zandt v. Railway Exp. Agency, D.C.S.D.N.Y., 99 F.Supp. 520.

Plaintiff makes no attempt to support the claim for reinstatement but argues that there is diversity jurisdiction over a claim for damages for breach of contract. This is certainly a correct statement of the law. Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. In a later case, however, Mr. Justice Black, who wrote the opinion in the Moore case, explained it by saying, "Moore was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking reinstatement and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. * * * If a court in handling such a case must consider some provision of a collective-bargaining agreement, its interpretation would of course have no binding effect on future interpretations by the Board." Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 244, 70 S.Ct. 577, 580, 94 L. Ed. 795.

■■ It is obvious that very little of the relief here asked is within the jurisdiction of this court. Giving the complaint the benefit of every possible implication, however, as required by the rule of Dioguardi v. Durning, 2 Cir., 139 F.2d 774, one could gather that plaintiff charged that the collective bargaining agreement under which she worked provided that she could not be discharged except after a hearing at which she was entitled to be accompanied by a person of her own choosing, that this provision was violated, that its violation resulted in her wrongful discharge and that she

seeks damages for this wrongful discharge. I cannot say that she will not be able to make out a claim within the terms of such a notice. Evidently, to take advantage of the rule of the Moore case as explained, she must abandon any claim for future benefits under the collective bargaining agreement as a condition to thus demanding damages at law for discharge in violation of it. I consider, however, that she has done so by pressing her claim for damages on the authority of the Moore case.

Motion denied.