**LIONEL CONNOR and GLADISE CONNOR, Plaintiffs**

v.

**LEON EMANUEL, ANGELA EMANUEL, and GOVERNMENT OF THE VIRGIN ISLANDS (DEPARTMENT OF HEALTH),**
Defendants

Civil No. 547/1989

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 26, 1990

ROBERT L. KING, ESQ., St. Thomas, V.I., *for plaintiffs*

JUDITH L. BOURNE, ESQ., St. Thomas, V.I., *for defendants Leon Emanuel and Angela Emanuel*

ROBERT H. STOCKEL, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for Government of the V.I.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Motion of Government of the Virgin Islands (Department of Health), (hereafter "the Government"), to dismiss the action by virtue of Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The common ground given for the Motion, predicated on both subdivisions of the Rule, is that the Court is being asked to issue an Order in the nature of Mandamus against the Government to compel it to perform an act which the law specially enjoins as a duty resulting from a public office, and which the Government has failed to perform in any way.[1] Although the Plaintiffs have failed in the ad damnum clause of their complaint to pray specifically for aforesaid relief, the Court, like the Government, will treat such failure as an oversight. The Motion will be denied in both respects.

### II. FACTUAL BACKGROUND

We must limit the facts stated to those relating to the Government only. Plaintiffs' property borders on a public street. Plaintiffs aver in Count III of their complaint the following:

"Defendant, Government of the Virgin Islands/Department of Health is charged, pursuant to relevant law, with exercising general control over the enforcement of law and regulations enacted and promulgated to foster the health of inhabitants of the Virgin Islands. Contained in said laws and regulations are provisions prohibiting the discharge of wastes into streets and private property, when a nuisance or condition detrimental to health is created thereby.

"Personnel associated with Defendant Department of Health have, for several years, been aware of the conduct of Defendants Emanuel in causing the drainage of wastes onto both Plaintiffs' property and the public street on which Plaintiffs' property fronts. On many occasions, employees of the Department of Health, Division of Environ-

---

[1] See 5 V.I.C., Section 1361; 5 V.I.C., App. I, Rule 81.

mental Health, have examined the evidence of the tortious and illegal conduct of Defendants Emanuel, and have advised Plaintiffs that they would cause prosecutions to be commenced against said Defendants. To date, no such prosecutions have been commenced, notwithstanding a written communication from Plaintiffs' Counsel to the Department of Health requesting that the Department discharge its duty and cause an abatement of the deleterious activities of Defendants Emanuel.

"Plaintiffs lack a plain, speedy, and adequate remedy at law, and consequently the Court should issue a mandatory order, pursuant to the provisions of 5 V.I.C., Section 1361, compelling Defendant Department of Health to discharge its duty of causing an abatement of the conduct of its [sic] Defendants Emanuel." [Underscoring ours.]

### III. DISCUSSION

The Government contends that here we are dealing with only a private nuisance as categorized by Plaintiffs themselves in their complaint and in their Memorandum of Law;[2] and as defined in 39 Am. Jur., Nuisance, Section 10; and Government of the Virgin Islands v. Latalladi, 8 V.I. 137, 142 (Mun. Ct. 1970); and that therefore the action cannot lie against the Government, for the Government is not a proper party to purely private disputes.

Since Plaintiffs take the position that here we have both a private and a public nuisance viewed even in the light of the authorities cited by the Government, an issue for trial is presented to the Court, and therefore it would be improper to dismiss the action. Just because there emerges from the pleadings the issue of whether the facts of the case give rise to a private nuisance only or to both a public and private nuisance is no good reason to dismiss the action.

The Government also argues that since Plaintiffs are seeking injunctive relief, and Mandamus should issue only if there is no other plain, speedy and adequate remedy, Mandamus relief is duplicative and thus unnecessary. But Plaintiffs may be able on their pleadings

---

[2] Plaintiffs' Memorandum of Law also contends on Pages 3 and 4 thereof that there is what they claim is a public nuisance. The complaint does not categorize the problem as a "private" nuisance, but alludes to what they claim is a public duty owed not just to Plaintiffs but to the public as the nuisance also enters into and upon the public street, and clearly, not only the Plaintiffs, but the public have a right to use, and probably do use, the public street. See Paragraph 7 of the Complaint.

on this issue to make out a case that it is appropriate for the Court to grant relief in the nature of Mandamus instead of Injunction. To dismiss the action this early at the pleading stage on an FRCP 12(b)(1) or (6) Motion would run afoul of the decided weight of authority. See, e.g., 2A J. Moore & J. Lucas Moore's Federal Practice, Paragraph 12.08 (2d ed. 1984), and the authorities cited by Plaintiffs, infra.

Finally, the Government argues that Plaintiffs are not seeking the performance of a mere ministerial duty but the performance of a duty that requires the exercise of discretion, and therefore relief in the nature of Mandamus is legally not available to Plaintiffs. We disagree.

■ There was a time in this jurisdiction in the history of the availability of relief by Mandamus when this extraordinary remedy was available only to compel official action in purely ministerial cases. See Footnote 1 to 5 V.I.C., Section 1361. 1 V.I. Op. A.G. 174. Now, however, and even under Title III, Chapter 53 of the 1921 Code of Laws of the Municipality of St. Thomas and St. John, and its counterpart, the Municipal Code of St. Croix of 1921, even when the official action required involves the exercise of discretion, the relief may be ordered, albeit only to compel the functionary in question to act, but not to control or dictate the discretion to be exercised. Our authority is the language of 5 V.I.C., Section 1361, viz:

> *Remedies formerly available by Writ of Mandamus to compel performance of duties:* (a) In an appropriate action, or upon an appropriate motion in an action, under the practice described in the Federal Rules of Civil Procedure and in this title, the district court may issue a mandatory order to any inferior court, corporation, board, officer, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. Although such order may require the court, corporation, board, officer, or person to exercise its and his judgment, or proceed to the discharge of any of its or his functions, the order shall not control judicial discretion. The order shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law. (September 1, 1957). [Underscoring ours.][3]

---

[3] This wording is taken ad verbum from the aforesaid two Municipal Codes. See Revision note on 5 V.I.C., Page 283, under Section 1361. The authority of the Territorial Court to act in such cases is derived from 4 V.I.C. Section 76, as amended.

We have not failed to note that "the order shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of law". But at the pleading stage of this litigation, this is no ground to dismiss the action, but good reason to permit the parties to litigate this issue pro and con.

Plaintiffs' reply to Movant is that they ask the Court for no relief which falls out of the bounds of 4 V.I.C., Section 76 and 5 V.I.C., Section 1361, and therefore the Court does have subject matter jurisdiction of the action; that under the rules of pleading in this type of Motion, all the allegations of the complaint are to be taken as true (5 C. Wright & A. Miller, Federal Practice and Procedure, Section 1357 at 594 (1969); that if under any reasonable interpretation of the pleadings Plaintiffs can make out a case in law, Plaintiffs should be given their day in Court and allowed to do so. In support of these contentions, Plaintiffs cite Ballon v. General Electric Co., 393 F.2d (1968); Deloach v. Crowley's, Inc., 128 F.2d 378; Anderson v. Pennsylvania RR, 143 F. Supp. 411 (1956).

## A. JURISDICTION 12(b)(1) FRCP

■ The Court agrees with the Government that were this plainly a case of one neighbor suing another for some alleged invasion of a private right, be it private nuisance or otherwise, the Government would not be a proper party and should be let out of the case. The Government contends that Plaintiffs say just that in their complaint and Memorandum of Law, but as shown in the excerpted portion of Plaintiffs' complaint quoted above, the contrary is the truth of the matter. Since there is a dispute on this issue, under the grant of jurisdiction to this Court, 4 V.I.C., Section 76, reaffirmed in this particular case by 5 V.I.C., Section 1361, we hold that we have jurisdiction to settle the issue thus joined.

## B. FAILURE TO STATE A CASE 12(b)(6) FRCP

There is some dispute as to whether the facts which may be developed, and indeed found, would establish a public nuisance as alleged by Plaintiffs in Count III of their complaint, but from the excerpted portion of Count III of their complaint quoted above, there can be no good reason why they should be prevented from embarking on that route. They may fail, but the law gives them the right to try and not to be prescinded and thrown out of Court at this point, the pleading phase, of the action. Time will tell if what they have pleaded they can

35

prove. But what they have pleaded is enough to give them the legal right to try. Moore's Federal Practice, supra.

## IV. ORDER

The Motion is Denied.